J-S12033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA
                                   :
              v.                   :
                                   :
                                   :
TAMIR JONATHAN HARTSOCK        :
                                   :
             Appellant       :     No. 2714 EDA 2024

Appeal from the Judgment of Sentence Entered September 13, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0005600-2023

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED MAY 13, 2025**

Tamir Jonathan Hartsock (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count of corrupt organizations, sixteen counts of unlawful sale or transfer of firearms, and two counts of dealing in proceeds of unlawful activities.[1]  We affirm.

In rendering its verdicts, the trial court relied on the stipulated facts admitted at trial.  **See** Trial Court Opinion (TCO), 11/7/24, at 1 n.2.[2]  The court explained:

> Between August of 2020 and December of 2022, [Appellant] purchased sixteen (16) operable firearms and indicated on the purchase paperwork that he was buying these firearms for himself and not another individual.  Six (6) of these firearms were recovered by authorities during criminal investigations and were

---

[1] 18 Pa.C.S. §§ 911(b)(2), 6111(g)(1), and 5111(a)(2), respectively.

[2] The trial court also referenced the expert report of Montgomery County Detective David Holtzman.

found in the possession of individuals who were either prohibited by law from possessing a firearm or who did not possess a license to carry concealed firearms. The other ten (10) firearms have not been recovered.

Following his arrest, [Appellant] provided a voluntary statement to authorities in which he admitted that he had sold the firearms for prices ranging from $700 to $1,200. Although initially [Appellant] claimed these firearms were stolen, he never reported to authorities that any of his firearms had been stolen. An examination of [Appellant's] cell phone revealed communications in which [Appellant] was discussing prices for certain firearms.

On September 13, 2024, the court held a stipulated bench trial and found [Appellant] guilty of the charges referenced above. On that same date, the court imposed an agreed sentence of eighteen (18) to thirty-six (36) years of imprisonment. [Appellant] did not file any post-sentence motions.

*Id.* at 1-2.

Appellant filed this timely appeal.[3] He presents the following issue for review:

Whether the factual basis for [] Appellant's negotiated, stipulated trial was sufficient to support a conviction for [c]orrupt [o]rganizations as a matter of law[?]

Appellant's Brief at 5.

In considering this issue, we may not re-weigh the evidence and substitute our judgment for the trial court as fact-finder. ***Commonwealth v. Hill***, 210 A.3d 1104, 1112 (Pa. Super. 2019). Our role as an appellate court is to determine whether the evidence admitted at trial and all reasonable inferences, viewed in the light most favorable to the Commonwealth as verdict

_____

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Id.* The law is well-settled:

> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.

*Id.* (citations omitted).

The trial court convicted Appellant of corrupt organizations under 18 Pa.C.S. § 911(b)(2), which prohibits "any person through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise." 18 Pa.C.S. § 911(b)(2). Appellant specifically challenges the sufficiency of the "facts to establish an 'enterprise.'" Appellant's Brief at 13. According to Appellant, the "stipulated facts showed [he] acted alone and was not part of a criminal enterprise or conspiracy." *Id.* at 20. He emphasizes that he was not "working with other associates, individuals, organizations or entities to sell these firearms." *Id.* at 19. Appellant states that "only buyer-seller relationships were shown," and he "was acting as an individual." *Id.* at 18. He argues:

> Appellant himself was the straw purchaser. []Appellant did not have co-conspirators, partners, associates or subordinates in the alleged enterprise. There was no evidence that the enterprise ha[d] an existence separate and apart from the pattern of activity in which it engaged. The stipulated facts showed [] Appellant acted alone and was not part of a criminal enterprise or conspiracy.

- 3 -

*Id.* at 19-20.

The Commonwealth agrees Appellant "was essentially in business for himself," but argues "the business was, nonetheless, an enterprise specifically designed to carry out the illegal purchase and resale of firearms." Commonwealth's Brief at 17 (citations omitted). The Commonwealth maintains "Appellant acted as and within an enterprise as the purveyor of firearms to a network of individuals who were prohibited from lawfully possessing or transferring such firearms." *Id.* at 13.

Both parties recognize the definition of enterprise in the corrupt organizations statute at 18 Pa.C.S. § 911(h)(3). *See* Appellant's Brief at 15; Commonwealth's Brief at 12. The statute states:

> **"Enterprise"** means any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity, engaged in commerce and includes legitimate as well as illegitimate entities and governmental entities.

18 Pa.C.S. § 911(h)(3).

This Court has held that a defendant could not challenge "the evidence of an 'enterprise'" where "the evidence demonstrate[d] that [the defendant] and [] straw purchasers formed an association in fact to carry out illegal purchases of firearms." *Hill*, 210 A.3d at 1114. Here, the evidence also supports the finding that although he acted alone, Appellant maintained an interest in an enterprise by purchasing firearms which he sold to individuals who were prohibited from purchasing or possessing firearms.

Appellant stipulated to the evidence. When trial convened, the court asked Appellant:

Q. Do you understand, in this type of proceeding, you will be testifying to the extent that you will be agreeing to certain facts?

So as a result, in order to proceed, you would have to waive your Fifth Amendment right?

A. Yes.

N.T., 9/13/24, 13. Following a colloquy, the court concluded Appellant "knowingly, voluntarily and intelligently waived his Fifth Amendment right against self-incrimination and agreed to testify." *Id.*

The Commonwealth read the stipulation of facts into the record. *Id.* at 11-19. In addition, the trial court admitted the written stipulation, signed by Appellant's counsel, as Exhibit C-7. *Id.* at 20. Appellant stipulated to purchasing "at least 16 real and operable firearms between August 12 of 2020 and December 24 of 2022." *Id.* at 17. He stipulated to selling the firearms, and that "each illicit transaction between [Appellant] and an end purchaser was a related act, both of which form a pattern of criminal activity." *Id.* at 18-19.

Notably, Appellant stipulated:

[B]y receiving payment during the illicit firearm sales, [Appellant] represented an individual **engaged in an enterprise**, namely a continual course of commerce in which he was engaged.

[B]y obtaining United States currency during each of the illicit firearms transactions, [Appellant] **maintained an interest or control over the enterprise** engaged in the illicit sale or transfer of firearms.

- 5 -

***Id.*** (emphasis added).

Appellant is bound by the stipulation of facts. ***See Commonwealth v. Mitchell***, 902 A.2d 430, 460 (Pa. 2006) (describing a stipulation as "a declaration that the fact agreed upon is proven"). Consequently, there was sufficient evidence of an enterprise to support Appellant's conviction of corrupt organizations.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025